

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIRUZA TILLIAEVA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF OTAY MESA DETENTION CENTER,<br><br>Respondent. | Case No.: 26-cv-0054-BJC-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Firuza Tilliaeva, a native of Uzbekistan and citizen of Russia, arrived for her CBP One appointment to apply for admission into the United States on September 11, 2024, and was taken into Department of Homeland Security ("DHS") custody. ECF No. 7-2 at 2-6. Following a credible fear determination by an asylum officer, removal proceedings were initiated, and Petitioner's individual hearings set for May 22, 2025, June 5, 2025, August 4, 2025, and November 26, 2025 were all continued upon Petitioner's counsel's request to continue the hearing or extend the filing deadline. ECF No. 1-2 at 4, 6; ECF No. 7-3 at 2; ECF No. 7-4 at 2; ECF No. 7-6 at 2. Petitioner's individual hearing is currently scheduled for May 6, 2026. ECF No. 7-9 at 2.

On January 5, 2026, Petitioner filed the instant petition. This Court set a briefing

schedule on the petition and issued a limited stay.  ECF No. 2.  Respondent filed a return to the petition on January 15, 2026.  ECF No. 7.  On January 23, 2026, Petitioner filed a traverse.  ECF No. 8.

**LEGAL STANDARD**

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

**DISCUSSION**

Petitioner asserts her detention without a bond hearing violates the Due Process Clause of the Fifth Amendment, is unreasonable, and arbitrary and capricious.  Respondent argues Petitioner's claims are barred by 8 U.S.C. § 1252(g), and she is lawfully detained.

**I.  Jurisdiction**

Respondent contends Petitioner's claims arise from DHS's decision to commence removal proceedings and, therefore, her claims are jurisdictionally barred pursuant to 8 U.S.C. § 1252(g).  ECF No. 7 at 4-5.  Petitioner contends she is solely challenging her ongoing detention, not the procedures governing her admission into the United States.  ECF No. 8 at 5.

Congress explicitly divested the court of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders.  *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee,*

25-cv-0054-BJC-MSB

525 U.S. 471 (1999)).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner's claim, which challenges her detention as unconstitutionally prolonged, is merely collateral to, but does not arise from the decision to commence and adjudicate proceedings.  *See Nguyen v. Fasano*, 84 F. Supp. 2d 1099, 1104 (S.D. Cal. 2000) ("Petitioners' challenge to their indefinite detention is [ ] distinct from a petition that seeks review of the bond determination itself."); *Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1126 (S.D. Cal. 1999) ("[A] challenge to the constitutionality of confinement pending deportation does not address any discretionary action by the Attorney General, and "does not implicate the three categories of unreviewable decisions specified in § 1252(g)."); *Diaz-Zaldierna v. Fasano*, 43 F. Supp. 2d 1114, 1117 (S.D. Cal. 1999) ("The propriety of holding petitioner without any possibility of release on bail is distinct from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'").  Accordingly, § 1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims.

## II.  Merits of the Petition

Petitioner argues her ongoing detention without an individualized custody review violates her due process rights.  ECF No. 1 at 6-8.  Respondent contends Petitioner's mandatory detention is not unconstitutionally prolonged.  ECF No. 7 at 6-13.  Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights. *See Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (listing cases). Additionally, the Supreme Court and the Ninth Circuit have recognized that indefinite prolonged detention of an alien raises due process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a

25-cv-0054-BJC-MSB

serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Accordingly, this Court finds prolonged detention without a bond hearing raises due process concerns that are inextricably linked to the length of incarceration.

Respondent addresses the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022), in support of their argument that Petitioner is lawfully detained. Petitioner, in her traverse, fails to address Respondent's arguments or any of the *Lopez* factors. Instead, she uses the test from *Matthews v. Eldridge*, 424 U.S. 319 (1976) in support of her claim. However, courts have found, and this Court agrees, that the *Matthews* factors "are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). While the *Lopez* test is appropriately used by courts, the Court finds the multi-factor test from *Banda*, which includes the three factors from *Lopez*, is more suitable to determine the possible constitutional implications of Petitioner's ongoing detention without process. The *Banda* test considers

> the (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Banda*, 385 F. Supp. 3d at 1106.

Petitioner has been in custody for over seventeen months. While not a bright line rule, generally, courts "become extremely wary of permitting continued custody absent a bond hearing" after a petitioner is detained past a year. *Yagao v. Figueroa*, No. 17-cv-2224-AJB-MDD, 2019 WL 1429582 at *2 (S.D. Cal. Mar. 29, 2019) (quoting *Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018)). Petitioner's detention exceeds that timeframe. As such, this factor weighs in favor of finding Petitioner's detention implicates due process concerns.

25-cv-0054-BJC-MSB

The likely duration of future detention also weighs in favor of Petitioner. Petitioner's individual merits hearing is set for May 6, 2026. Depending on the result, there may be an appeal, and she will remain in detention for the duration of the appeal. Additionally, Petitioner is detained at Otay Mesa Detention Center, where conditions "are not dissimilar to criminal confinement." *Gao*, 805 F. Supp. 3d at 1111. As such, this factor weighs in Petitioner's favor.

The circumstances surrounding this petition support that the delay factors are neutral. Petitioner's counsel sought multiple continuances of the proceedings based primarily on translation problems and the need for an interpreter. The Court is without sufficient information to determine whether Petitioner's proceedings will result in removal. As such, this factor is neutral. On balance, the factors, especially the length of Petitioner's detention, which is the most important factor, demonstrate Petitioner's ongoing detention is unreasonable and due process requires a bond hearing. *Banda*, 385 F. Supp. 3d at 1118.

Accordingly, the Court GRANTS the Petition for Writ of Habeas Corpus. Respondent shall provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  February 27, 2026

Honorable Benjamin J. Cheeks
United States District Judge

5

25-cv-0054-BJC-MSB